# ORIGINAL

# In the United States Court of Federal Claims

No. 15-552C (Pro Se)
(Filed: April 19, 2016 | Not for Publication)

|  |  |
|---|---|
| THOMAS E. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**FILED**

**APR 1 9 2016**

U.S. COURT OF
FEDERAL CLAIMS

*Thomas E. Williams*, Tuscon, AZ, Plaintiff, *pro se*.

*Steven M. Mager*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, with whom were *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, U.S. Department of Justice, and *Leslie Ann Gerardo*, Chief, Special Proceedings Division, U.S. Attorney's Office for the District of Columbia, Washington, DC, for Defendant.

## OPINION AND ORDER

**Kaplan, J.**

The plaintiff in this case, Thomas Williams, filed this pro se action on May 22, 2015, seeking compensation for an unjust conviction pursuant to 28 U.S.C. §§ 1495 and 2513. Compl. at 1, ECF No. 1. Currently before the Court is the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC).

As described in greater detail below, this Court lacks jurisdiction to hear Mr. Williams's complaint because the offense of which he claims he was unjustly convicted was not "an offense against the United States" as required to invoke this Court's jurisdiction under 28 U.S.C. § 1495(b). Therefore, the government's motion to dismiss is **GRANTED** and this action is **DISMISSED** without prejudice.[1]

---

[1] Mr. Williams has also filed a motion for leave to proceed in forma pauperis. See ECF No. 2. That motion is **GRANTED** for the limited purpose of dismissing the case for lack of jurisdiction.

## BACKGROUND

Mr. Williams was prosecuted for various offenses stemming from an incident that occurred in August 2012 in which Mr. Williams falsely represented himself as a District of Columbia employee, claimed authority to impound a vehicle belonging to a senior citizen, removed the victim's car from her driveway with a tow truck, and disposed of it for scrap. Def.'s Mot. to Dismiss (Def.'s Mot.) App. at 16–24, ECF No. 7. On September 9, 2012, Mr. Williams was arrested and charged with first degree theft in connection with the incident. Id. at 5–6. Mr. Williams was released pending trial but then failed to appear before the D.C. Superior Court September 27, 2012, as ordered for a preliminary hearing. Id. at 5–7. Nor did he appear at the continued hearing date in October. See id. at 5. Accordingly, that court issued a bench warrant for Mr. Williams's arrest, id. at 8–10, and Mr. Williams was arrested on that warrant two months later, on December 4, 2012, id. at 25–26.

On February 20, 2013, a local grand jury indicted Mr. Williams on charges of the carjacking of a senior citizen (D.C. Code §§ 22-2801 and 3601); robbery of a senior citizen (D.C. Code §§ 22-2801 and 3601); first-degree theft of a senior citizen (D.C. Code §§ 22-321 I .3212. and 3601); unauthorized use of a motor vehicle (D.C. Code § 22-3215); receiving stolen property (D.C. Code § 22-3232); false impersonation of a public official (D.C. Code § 22-1404); and a violation of the Bail Reform Act (D.C. Code § 23-1327). Id. at 11–14.

On March 12, 2013, following a jury trial before Superior Court, Mr. Williams was found guilty of unauthorized use of a motor vehicle, second-degree theft of a senior citizen, impersonating a public official, and violation of the Bail Reform Act. See id. at 27–28. On June 14, 2013 Judge Stuart Nash sentenced Mr. Williams to concurrent terms of imprisonment of 72 months for unauthorized use of a motor vehicle and impersonating a public official and 540 days for second-degree theft of a senior citizen. Id. Further, the court also imposed a consecutive term of 24 months for the violation of the Bail Reform Act. Id.

On October 10, 2014 Mr. Williams filed a motion seeking to have his Bail Reform Act conviction vacated under the Innocence Protection Act, D.C. Code §§ 22-4131–35, on grounds of actual innocence and because of alleged ineffective assistance of counsel. Id. at 1. The government initially opposed Mr. William's motion. Id. However, after confirming that Mr. Williams had been confined at a psychiatric facility on the date and time of the scheduled court appearance that gave rise to the Bail Reform Act conviction, on April 2, 2015, the government withdrew its opposition and conceded that Mr. Williams was entitled to have his Bail Reform Act conviction vacated. Id.

On May 12, 2015, Superior Court Judge Stuart Nash entered an order granting Mr. Williams's Innocence Protection Act claim, vacating his conviction, and dismissing the Bail Reform Act charge with prejudice. Id. at 30–31. In his order, Judge Nash found that Mr. Williams had shown by clear and convincing evidence that he was actually innocent of the Bail Reform Act offense. Id. at 1, 30–31. Mr. Williams's sentence was amended on May 13, 2015, nunc pro tunc, to June 14, 2013.

On May 29, 2015, Mr. Williams filed the present action. Citing 28 U.S.C. §§ 1495 and 2513, he claims entitlement to damages in the amount of $125,000.

## DISCUSSION

**I.       Standards for Motion to Dismiss Pursuant to RCFC 12(b)(1)**

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints that are filed by pro se plaintiffs, as this one is, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (Fed. Cir. 2004).

**II.      Jurisdiction**

    **A.      <u>Statutory Provisions</u>**

Pursuant to 28 U.S.C. § 1495, "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." Section 2513 of the same title specifies that the damages awarded "shall not exceed . . . $50,000 for each 12-month period of incarceration." Id. § 2513(e). It also sets forth the elements that "any person suing under section 1495 . . . must allege and prove" to establish that he was unjustly convicted of a federal crime. Id. § 2513(a). It provides that, to recover damages, the plaintiff must show that:

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

Id. The statute further provides that "[p]roof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received." Id. § 2513(b).

**B.     Application to This Case**

In this case, the government argues that the Court lacks jurisdiction over Mr. Williams's complaint because he has not produced a certificate (presumably from the D.C. Superior Court) attesting to the fact that the conditions set forth in 28 U.S.C. § 2513(a) have been met. The government is correct that the failure to produce such a certification by the court in and of itself would preclude this Court from exercising jurisdiction over Mr. Williams's unjust conviction complaint. Def.'s Mot. at 8 (citing Moore v. United States, 230 Ct. Cl. 819, 820 (1982) (observing that requirements of section 2513 are jurisdictional "and therefore must be strictly construed")).

But there is a more basic jurisdictional problem with Mr. Williams's complaint because he was not convicted, unjustly or otherwise, of "an offense against the United States." See 28 U.S.C. § 1495 (conferring jurisdiction on the Court of Federal Claims "to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned"). Rather, Mr. Williams complains of an unjust conviction for violation of a local law, the D.C. Bail Reform Act, which is set forth in D.C. Code § 23-1327. Violations of the D.C. Code are not "offenses against the United States;" they are offenses against the local jurisdiction. See United States v. Mills, 964 F.2d 1186, 1191 (D.C. Cir. 1992) (en banc) (violation of D.C. Code not a "federal criminal offense" within the meaning of the Speedy Trial Act, 18 U.S.C. § 3172, even where code encompasses conduct made criminal by federal law), cert. denied, 506 U.S. 977 (1992); cf. Key v. Doyle, 434 U.S. 59, 61 (1977) (holding that a law applicable only in the District of Columbia is not a "statute of the United States" for purposes of 28 U.S.C. § 1257(a) which provides for review by appeal to the Supreme Court in cases "where is drawn in question the validity of a . . . statute of the United States and the decision is against its validity").

Thus, unjust convictions predicated on the reversal of convictions for violation of the D.C. Code are not within the scope of the federal unjust conviction statute. Rather, for unjust convictions involving violations of the D.C. Code, a plaintiff's resort is to D.C. Code § 2-421, which provides that "[a]ny person unjustly convicted of and subsequently imprisoned for a criminal offense contained in the District of Columbia Official Code may present a claim for damages against the District of Columbia." And jurisdiction over such a claim would, of course, exist in the D.C. Superior Court, and not the Court of Federal Claims.

**CONCLUSION**

On the basis of the foregoing, the government's motion to dismiss is **GRANTED** and this action is **DISMISSED** without prejudice. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge